Nathaniel Flack, WSBA #58582
Lauren I. Freidenberg, WSBA #59145
MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
NathanielF@mhb.com
LaurenF@mhb.com
Telephone: 206-622-1604

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| ANDREW NEWTON, | No. |
| Plaintiff, | COMPLAINT |
| v. | |
| CITY OF EAST WENATCHEE, a municipal corporation; DOUGLAS COUNTY, a municipal corporation; PHILIP AMICI, in his individual and official capacity; CARL MOHNS in his individual and official capacity; ADRIAN LOPEZ, in his individual and official capacity; WILLIAM LANE, in his individual and official capacity; and RUBI RAMIREZ, in her individual and official capacity, | JURY DEMAND |
| Defendant. | |

## I.    INTRODUCTION

1.1    This is a civil rights lawsuit under 42 U.S.C. § 1983 and Washington state law arising from the Defendant law enforcement officers' use of excessive

COMPLAINT - 1

force against Plaintiff Andrew Newton.

1.2 Defendant Ramirez initiated a traffic stop of Mr. Newton for a non-illuminated truck cabin brake light. Within minutes of arriving as backup, and without any meaningful attempt to understand what was going on other otherwise de-escalate the situation, Defendant Amici repeatedly tased Mr. Newton. Mr. Newton did not pose a threat to the officers and was sitting in his truck, unarmed. Defendants Ramirez and Mohns slammed the incapacitated Mr. Newton head-first onto the concrete. Defendant Lopez failed to intervene to prevent the violation of Mr. Newton's constitutional rights despite having the opportunity and duty to do so.

1.3 Mr. Newton lost consciousness, suffered a gash on his head, and continues to struggle with long-term psychological effects, emotional trauma, and other injuries from this incident.

1.4 Mr. Newton is a husband and father whose life has been permanently altered by Defendants' abuse of authority and disregard for this physical safety. He seeks all damages available under the law.

## II.    PARTIES

2.1 Plaintiff Andrew David Newton is a natural person and a resident of East Wenatchee, Douglas County, Washington.

2.2 Defendant City of East Wenatchee ("City") is a municipal corporation formed under the laws of the State of Washington. Defendant City owns, operates, and/or staffs the East Wenatchee Police Department.

2.3 Defendant Douglas County ("County") is a municipal corporation

formed under the laws of the State of Washington. Defendant County owns, operates, and/or staffs the Douglas County Sheriff's Department.

2.4    Defendant Phil Amici is a natural person and police officer employed by the East Wenatchee Police Department. At all times relevant herein, Defendant Amici has been an individual and law enforcement officer employed by Defendant City of East Wenatchee by and through the East Wenatchee Police Department and was acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the City of East Wenatchee and the State of Washington and within the scope of his employment as an East Wenatchee Police Department officer.  At all times relevant hereto, Defendant Amici acted in his professional capacity within the course and scope of his agency.

2.5    Defendant Carl Mohns is a natural person and a sergeant employed by the East Wenatchee Police Department.  At all times relevant herein, Defendant Mohns has been an individual and law enforcement officer employed by Defendant City of East Wenatchee by and through the East Wenatchee Police Department and was acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the City of East Wenatchee and the State of Washington and within the scope of his employment as an East Wenatchee Police Department officer.  At all times relevant hereto, Defendant Mohns acted in his professional capacity within the course and scope of his agency.

2.6    Defendant Rubi Ramirez is a natural person and an employee of the Douglas County Sheriff's Office.  At all times relevant herein, Defendant Ramirez

has been an individual and law enforcement officer employed by Defendant Douglas County by and through the Doulgas County Sheriff's Department and was acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the Douglas County and the State of Washington and within the scope of her employment as a Doulgas County Sheriff's Department deputy. At all times relevant hereto, Defendant Ramierz acted in her professional capacity within the course and scope of her agency.

2.7    Defendant Adrian Lopez is a natural person and an employee of the Douglas County Sheriff's Office. At all times relevant herein, Defendant Lopez has been an individual and law enforcement officer employed by Defendant Douglas County by and through the Doulgas County Sheriff's Department and was acting under the color of statutes, ordinances, regulations, customs, laws, and usages of Douglas County and the State of Washington and within the scope of his employment as a Doulgas County Sheriff's Department deputy. At all times relevant hereto, Defendant Lopez acted in his professional capacity within the course and scope of his agency.

2.8    Defendant William Lane is a natural person and an employee of the Douglas County Sheriff's Office. At all times relevant herein, Defendant Lane has been an individual and law enforcement officer employed by Defendant City of East Wenatchee acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the City of East Wenatchee and the State of Washington and within the scope of his employment as an East Wenatchee police officer. At all times

relevant hereto, Defendant Lane acted in his professional capacity within the course and scope of his agency.

### III. JURISDICTION AND VENUE

3.1   This Court has jurisdiction under 28 USC § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 1983.

3.2   Venue is proper in this Court under 28 USC § 1391 because the events or omissions giving rise to the claim occurred in the Eastern District of Washington.

### IV. FACTS

4.1   On May 28, 2023, Plaintiff Andrew Newtown was driving his white pickup truck into the Fred Meyer parking lot, located at 11 Grant Road, East Wenatchee, WA, 98802.

4.2   At approximately 9:36pm, Defendant Deputy Rubi Ramirez initiated a traffic stop of Mr. Newton for a non-illuminated brake light, just as Mr. Newton pulled into the parking lot.

4.3   Mr. Newton pulled into a nearby parking space in the Fred Meyer lot.

4.4   Mr. Newton had a cane with him in his truck at the time of the traffic stop.

4.5   Mr. Newton and his cane were visible to Defendant Ramirez through the truck window. Deputy Ramirez knew from the beginning of the interaction that Mr. Newton had a cane and was disabled.

4.6   Mr. Newton's wife, Dusty Newton, was in the passenger seat of the truck. Mrs. Newton asked Defendant Ramirez if she could leave to go inside of Fred

Meyer. Defendant Ramirez told Mrs. Newton she could go inside of the store and that she was free to leave. Mrs. Newton exited the vehicle and entered the store.

4.7  Mr. Newton provided Defendant Ramirez with his car insurance and registration. The car insurance and registration information contained Mr. Newton's full name.

4.8  Mr. Newton identified himself to Defendant Ramirez by providing his full name.

4.9  Mr. Newton stated that he did not have his valid driver's license on him. Mr. Newton was a licensed driver with a valid Washington driver's license at the time of the incident. He simply, and inadvertently, did not have his license on his person at the time of the traffic stop.

4.10  Under RCW 46.20.015, driving without a license is an infraction punishable only by a penalty of $250, and did not subject Mr. Newton to arrest.

4.11  Defendant Officer Phillip Amici arrived at the scene at approximately 9:40pm, within approximately four minutes or less of Defendant Ramirez initiating the stop.

4.12  Upon arriving at the scene, Defendant Amici took the lead role.

4.13  Defendant Ramirez and Defendant Amici failed to communicate about the reason for the traffic stop and/or the facts obtained from Mr. Newton.

4.14  Defendant Amici did not identify himself to Mr. Newton.

4.15  Defendant Amici did not ask Mr. Newton any questions.

4.16 Defendant Amici did not learn of any reason for which Mr. Newton could or should be arrested.

4.17 Mr. Newton did not pose any threat to himself, to the police, or others.

4.18 Defendant Amici did not make any effort to de-escalate the situation.

4.19 Instead, within seconds of arriving, Defendant Amici had his Taser pointed at Mr. Newton and verbally threatened him with the use of serious intermediate force.

4.20 Defendant Amici immediately began yelling at Mr. Newton to get out of his car.

4.21 Mr. Newton sat in the driver's seat of the pickup, with his hands in the air, saying, "I feel unsafe for my life right now." He denied having committed any crime.

4.22 Mr. Newton was unarmed.

4.23 At no time did Mr. Newton threaten the safety of himself or anyone else.

4.24 Mr. Newton continued to lawfully ask why he had been stopped.

4.25 When Mr. Newton asked what he had done, Defendant Amici told him, "failure to identify yourself."

4.26 However, Defendant Ramirez was addressing Mr. Newton by name at the same time.

4.27 Several other officers, including Defendant Sgt. Carl Mohns, began to arrive.

4.28 Defendant Deputy Adrian Lopez arrived as backup at approximately the same time.

4.29 Defendant Lane also arrived as backup, and pointed his firearm at Mr. Newton, without justification.

4.30 Mr. Newton was still seated in the driver's seat of his pick-up truck, with the driver's side door open. Because of the height of the truck, Mr. Newton was seated several feet off the ground.

4.31 Upon arrival at the scene, Defendant Mohns said, "Tase him."

4.32 At this point, approximately 6 minutes or less had elapsed since Defendant Ramirez initiated the traffic stop. Less than two minutes had elapsed since Defendant Amici had arrived at the scene and begun interacting with Mr. Newton.

4.33 Defendant Amici fired the Taser, unloading both electrically charged cartridges into Mr. Newton.

4.34 Mr. Newton screamed in agony as his muscles contracted involuntarily from the electrical current. His body and limbs stiffened and seized. Mr. Newton became incapacitated by the Taser.

4.35 While Mr. Newton was incapacitated and defenseless, Defendants Amici, Mohn, and Ramirez reached into the truck, and pulled on Mr. Newton's body out of the truck.

4.36 Defendants Amici, Mohn, and Ramirez slammed Mr. Newton down, from the elevated position of the truck's interior, directly onto the concrete parking

lot. Mr. Newton's head cracked on the concrete while he was still incapacitated by the Taser, with no control of his limbs or his ordinary reflexes. Defendants did nothing to prevent the blow of Mr. Newton's head from slamming into the ground.

4.37    Defendant Ramirez stated in her report that she and the officers, "pulled Andrew out his driver's seat and onto the pavement."

4.38    While Mr. Newton was on the ground, incapacitated, injured, unarmed, and in agony, Defendant Amici fired his Taser again, sending yet another "cycle" of electricity from the Taser into Mr. Newton's body.

4.39    Mr. Newton lost consciousness when his head hit the ground. When he regained consciousness on the ground, he was disoriented and in pain. He screamed in agony on the ground.

4.40    Defendants surrounded Mr. Newton and pressed their knees into Mr. Newton's back and neck as they handcuffed him, causing further pain.

4.41    Defendant Amici verbally threatened to break Mr. Newton's wrist while handcuffing him.

4.42    Even after Mr. Newton was handcuffed on the ground, multiple officers continued pressing their knees into Mr. Newton's neck.

4.43    Mr. Newton bled from the gash on the back of his head, while handcuffed on the ground.

4.44    Due to Mr. Newton's bleeding head injury, among other injuries, Emergency Responders transported him to Central Washington Hospital for medical treatment.

4.45    Emergency medical personnel transported Mr. Newton to the Chelan Regional Justice Center where he was incarcerated for several days.

4.46    Mr. Newton was never convicted of any offense relating to the incident on May 23, 2023. All charges against Mr. Newton were dropped.

4.47    As a result of the conduct summarized above, Mr. Newton suffered and continues to suffer from physical injuries and emotional distress, for which he sought and continues to seek healthcare treatment. He seeks damages for past and future injuries, including pain and suffering, emotional harm, physical injuries, and compensation for medical and health care expenses, and additional economic and general damages to be shown at trial.

## V.    LEGAL CLAIMS

### FIRST CAUSE OF ACTION
**Violations of Fourth Amendment to U.S. Constitution (42 U.S.C. § 1983)**
**Against all Individual Defendants**

5.1    Plaintiff incorporates all foregoing allegations herein.

5.2    Defendants are liable to Plaintiff violation of his rights under the Fourth Amendment to the U.S. Constitution, to be free from unreasonable searches seizures.

5.3    Defendants Amici, Mohn, Ramirez, Lane and Lopez are liable to Plaintiff for violations of his right under the Fourth Amendment to the U.S. Constitution to be free from excessive use of force.

5.4    Defendants Amici, Mohn, Ramirez, Lane, and Lopez are liable to Plaintiff for violations of his right under the Fourth Amendment to the U.S. Constitution to be free from arrest Plaintiff without probable cause.

5.5   The conduct of Defendants Amici, Mohn, Ramirez, Lane, and Lopez alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the Fourth Amendment of the U.S. Constitution, and that conduct also legally, proximately, foreseeably and actually caused Plaintiff to suffer physical injuries, emotional distress, pain and suffering and further economic and general damages according to proof at the time of trial.

5.6   The conduct of Defendants Amici, Mohn, Ramirez, Lane and Lopez alleged herein was malicious, oppressive, or in deliberate or reckless disregard of Plaintiff's constitutionally protected rights, amongst other things, justifying an award of punitive damages against Defendants Amici, Mohn, Ramirez, and Lopez in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.

5.7   Plaintiff is also entitled to attorney fees and costs of suit herein.

## SECOND CAUSE OF ACTION
**Assault and Battery**
**Against All Defendants**

5.8   Plaintiff incorporates all foregoing allegations herein.

5.9   Defendants are liable to Plaintiff for the torts of assault and battery, having intentionally caused unpermitted, harmful, and offensive physical with plaintiff, and having threatened or caused Plaintiff to imminently apprehend the same.

5.10  Defendants City of East Wenatchee and Douglas County are vicariously liable for the acts and omissions of its employees.

5.11  As a direct and proximate result of the Defendants' actions and/or inactions, Plaintiff suffered damages according to proof at the time of trial.

### THIRD CAUSE OF ACTION
### Outrage
### Against All Defendants

5.12  Plaintiff incorporates all foregoing allegations herein.

5.13  Defendants are liable to Plaintiff for the tort of outrage, having intentionally acted in an extreme and outrageous manner so as to cause Mr. Newton emotional distress and harm, and that defendants' actions caused Mr. Newton physical, emotional, and financial harm.

5.14  Defendants City of East Wenatchee and Douglas County are vicariously liable for the acts and omissions of its employees.

5.15  As a direct and proximate result of the Defendants' actions and/or inactions, Plaintiff suffered damages according to proof at the time of trial.

### FOURTH CAUSE OF ACTION
### Negligence
### Against All Defendants

5.16  Plaintiff incorporates all foregoing allegations herein.

5.17  Defendants City of East Wenatchee, by and through the East Wenatchee Police Department, Douglas County, by and through the Douglas Sheriff's Department, and Amici, Mohn, Ramirez, Lane, and Lopez had a duty to

protect Plaintiff from harm.  Defendant City of East Wenatchee and its agents, and Defendant Douglas County and its agents, breached their duty and failed to exercise reasonable care to protect Plaintiff from harm, and instead affirmatively exposed him to it.

5.18   Defendants had a duty of care towards Plaintiff, to take reasonable steps to prevent or minimize injury to Mr. Newton, and failed to do so.

5.19  Defendants City of East Wenatchee and Douglas County are vicariously liable for the acts and omissions of its employees, and are directly liable for its own negligent supervision, hiring, training, retention, and discipline of those employees, as described above.

5.20   As a direct and proximate result of the Defendants' actions and/or inactions, Plaintiff suffered damages according to proof at the time of trial.

### FIFTH CAUSE OF ACTION
*Monell* **Action**
**Against Douglas County and City of East Wenatchee**

5.21   The individual Deputy Defendants and Officer Defendants acted pursuant to Douglas County and City of East Wenatchee policies, practices, customs, and usages, and the training and supervision of the Douglas County Sheriff's Department and City of East Wenatchee Police Department, which were enacted, maintained and permitted with deliberate indifference to the substantial risk that its policies or training were inadequate to prevent violations of the Constitution by its employees.  The acts and omissions of Defendants caused Plaintiff to be deprived of his rights to personal safety under the Fourth Amendment.

5.22    By virtue of the facts set forth above, and as a result of its policies, practices, customs, and usages of Defendants Douglas County and City of East Wenatchee, and/or its failure to provide adequate training and supervision and to prevent violations of the Constitution by its employees, caused the deprivation of Plaintiff's rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983, and are therefore liable to Mr. Newton for compensatory damages.

5.23    Plaintiff is also entitled to attorney fees and costs of suit herein.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

6.1    Trial by jury on all claims so triable;

6.2    All compensatory damages authorized by law, both general and special, including damages for pain and suffering, for physical injury;

6.3    A declaration that Defendants' actions were unlawful and in violation of Plaintiff's civil rights;

6.4    A declaration that the Defendant Douglas County and Defendant City of East Wenatchee's policies, practices, customs, and usages, and/or its failure to adequately train and supervise, caused the individual Deputy and Officer Defendants' violations of Plaintiff's civil rights;

6.5    Punitive damages against the individual Defendants Amici, Mohn, Ramirez, and Lopez;

6.6    Appropriate injunctive relief;

6.7 Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and as available under other applicable law;

6.8 Pre- and post-judgment interest on all damages, fees, and costs awarded;

6.9 The right to amend the complaint to conform to the proof offered at trial;

6.10 Other declaratory, injunctive relief, or remedial relief and damages as the Court deems just and equitable; and

6.11 Other relief that the Court deems just and equitable.

Dated this 7th day of April, 2025.

Respectfully submitted,

| **MacDONALD HOAGUE & BAYLESS** | **MacDONALD HOAGUE & BAYLESS** |
|---|---|
| By: */s/ Nathaniel Flack* <br> Nathaniel Flack, WSBA #58582 <br> 705 Second Avenue, Suite 1500 <br> Seattle, WA 98104 <br> 206-622-1604 <br> NathanielF@mhb.com <br><br> *Attorney for Plaintiff* | By: */s/ Lauren I. Freidenberg* <br> Lauren I. Freidenberg, WSBA #59145 <br> 705 Second Avenue, Suite 1500 <br> Seattle, WA 98104 <br> 206-622-1604 <br> LaurenF@mhb.com <br><br> *Attorney for Plaintiff* |